## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **JOHN R. GRANGE,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>  **CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:16-CV-00123-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

All parties in this case have consented to having United States Magistrate Judge Dustin B. Pead conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (*See* 28 U.S.C. § 636 (c); F.R.C.P. 73; Docket ("Dkt.") 16).  Plaintiff John R. Grange ("Mr. Grange") appeals the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C.§§401-433.  (Dkt. 3).  Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## BACKGROUND

Mr. Grange filed an application for Disability Insurance Benefits ("DIB") on October 4, 2012, alleging disability beginning December 31, 2008. (A.R. 160-162).  Mr. Grange's claim was initially denied on February 1, 2013, and upon reconsideration on April 9, 2013. (A.R. 80, 81).  Thereafter, Mr. Grange timely requested a hearing before an Administrative Law Judge ("ALJ") on May 15, 2013.  (A.R. 108-109).

1

A hearing was held on July 29, 2014 in Las Vegas, Nevada before Administrative Law

Judge, David K. Gatto.  (A.R. 37-53).  The ALJ issued a decision finding Mr. Grange not

disabled on November 21, 2014.  (A.R. 15-36).  In his decision, the ALJ found that Mr. Grange

suffered from the severe impairments of borderline intellectual functioning/learning disorder,

history of asthma, degenerative joint disease status post right foot crush injury with surgery,

tarsal tunnel syndrome right foot status post injury and surgeries, and right lower extremity

deformity status post injury. (A.R. 20). At step 3 he found that Mr. Grange did not meet a listing.

(A.R. 21). The ALJ found that Mr. Grange can perform sedentary work with the additional

limitations of: never crawl or climb ladders, ropes or scaffolds; occasionally able to climb ramps

and stairs, balance, stoop, kneel, crouch; cannot tolerate exposure to hazards such as dangerous

moving machinery and heights; he can understand, remember, and carry out work instructions,

and exercise the requisite judgment to perform work tasks that are commensurate with the

functions of the full range of unskilled work. (A.R. 24). With this RFC, the ALJ found Mr.

Grange could not perform any past relevant work. (A.R. 29). However, he found that there was

other work available that Mr. Grange could perform. (A.R. 30). Therefore, he found that Mr.

Grange was not disabled. (A.R. 31).

The Appeals Council denied Mr. Grange's request for review of the ALJ's decision on

January 15, 2016.  (A.R. 1-6).  The Appeals Council's denial was the final administrative

decision of the Commissioner of Social Security in this case.  Thus, the ALJ decision stands as

the final decision of the Commissioner.  Mr. Grange brought this action to appeal the

Commissioner's decision pursuant to 24 U.S.C. § 405(g), which provides for judicial review of

the defendant's final decision.

2

## STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to determining whether the findings are supported by "substantial evidence and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The Court may neither reweigh the evidence, nor substitute its judgment for the Commissioner's. *Id.*

## ANALYSIS

Pursuant to the applicable standard of review, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and oral arguments. Based thereon, the court now finds as follows.

Mr. Grange raises two issues on appeal:  1) whether the ALJ erred by failing to properly evaluate the medical opinion evidence; and 2) whether the ALJ erred in his evaluation of Mr. Grange's residual functional capacity assessment. For reasons set forth below, the Court remands the ALJ's decision for further analysis regarding Mr. Grange's residual functional capacity assessment only.

**I.      The ALJ Did Not Err In His Evaluation of the Medical Opinion Evidence.**

Mr. Grange challenges the ALJ's evaluation of the opinions of Dr. Kelly Reber (Dkt. 17 at 8-13). Upon review, the court disagrees and finds no error. For the reasons set forth in the Commissioner's brief and on the record at oral argument, the court finds substantial evidence to support the ALJ's findings and the decision not to afford weight to Dr. Reber's opinion.

II.     **The ALJ Erred by Failing to Explain How the RFC Accounts for Mr. Grange's Mental Limitations and Fine Motor Skill Limitations.**

Next, Mr. Grange argues the ALJ's RFC assessment failed to properly account for his borderline intellectual functioning, mathematics learning disorder and bilateral motor deficits. (Dkt. 17, A.R. 309, A.R. 495).

In his decision, the ALJ found that Mr. Grange has moderate impairment in his ability to maintain concentration, persistence, and pace and gave weight to the opinion that Mr. Grange would have moderate difficulty in adjusting to changes in the work setting.  (A.R. 23).  However, Mr. Grange argues that the ALJ's residual functional capacity assessment does not contain any specific limitations for the specific impairments of mathematic learning disorder, bilateral motor deficits, and borderline intellectual functioning.  Instead, the ALJ gives only a limitation to "unskilled work".  (A.R. 24).  In response, the Commissioner argues that the ALJ's limitation to unskilled work sufficiently "accounted for the mental limitations supported by the record."  (Dkt. 24 at 14).

In this case, the ALJ failed to make clear findings regarding how Mr. Grange's moderate limitation in concentration, persistence, and pace would impact his RFC.  Although the record established that Mr. Grange had impairments in specific areas, including mathematics and fine motor skills, the ALJ failed to explain how a limitation to "unskilled work" adequately addressed these impairments or, in the alternative, to explain why such limitations should not be included in the RFC.  As a result, the court finds the ALJ's failure to include and address Mr. Grange's impairments in the areas of concentration, persistence, and pace, specifically with regard to his

borderline intellectual functioning, mathematics disorder, and impaired motor skills requires remand to the ALJ.

## **CONCLUSION AND ORDER**

For the reasons set forth on the record and herein, the Court REVERSES and REMANDS this case to the Commissioner on the limited issue addressed above.  On remand, the Commissioner will specifically reconsider the evidence of Mr. Grange's mental impairments and fine motor skill limitations in making his residual functional capacity assessment.  The Court expresses no opinion as to whether the ALJ's findings at any step of the evaluation process will change.  Nonetheless, on remand the ALJ should address the aforementioned and evaluate the evidence as instructed.

DATED this 20th of December, 2016.

_____
Dustin B. Pead
United States Magistrate Judge